# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ALEX KINKEAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-CV-437-GKF-FHM |
| ) | |
| TERRY MARTIN, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On August 1, 2012, Petitioner, a state inmate appearing *pro se*, filed a request for "leave to file second successive habeas corpus petition pursuant to AEDPA 28 U.S.C. sec. 2244(d)(1)(D); newly recognized constitutional right by Supreme Court made retroactively applicable" (Dkt. # 1). Based on representations in the motion, the Clerk of Court opened this new habeas corpus action. Petitioner challenges the constitutionality of his sentence entered in Ottawa County District Court, Case No. CF-2003-437. As discussed below, Petitioner is required to obtain authorization from the Tenth Circuit Court of Appeals before filing a second or successive petition. As a result, this Court lacks jurisdiction to rule on the motion and, for that reason, this action shall be dismissed without prejudice.

Petitioner acknowledges that he has in the past filed another habeas corpus action, N.D. Okla. Case No. 09-CV-247-JHP-PJC, challenging the same conviction and sentence at issue in this case. In the prior case, the Court denied the petition by Opinion and Order entered July 23, 2012. In denying habeas relief, the Court substantively addressed federal grounds for setting aside Petitioner's state conviction and sentence. The Court also construed one of Petitioner's motions to supplement as a motion to amend to add a claim similar to the claim identified in the instant motion

for leave to file a second or successive petition. The Court denied the motion to amend. Judgment in favor of Respondent was entered on July 23, 2012. Petitioner has appealed and that appeal is presently pending in the Tenth Circuit Court of Appeals, Case No. 12-5126.

In the instant motion (Dkt. # 1), Petitioner seeks leave to file a second or successive petition to argue that he was sentenced in violation of due process. However, before a second or successive petition can be filed in this Court, Petitioner is required to obtain authorization from the Tenth Circuit Court of Appeals. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

The Court finds that in light of the appeal pending in Tenth Circuit Case No. 12-5126, it is not in the interest of justice to transfer this matter to the Tenth Circuit. Therefore, this action shall

be dismissed without prejudice for lack of jurisdiction. Should Petitioner obtain authorization from the Tenth Circuit, he may file a second or successive petition in this Court.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. Petitioner's motion for leave to file a second or successive petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction.

2. Should Petitioner obtain authorization from the Tenth Circuit, he may file his petition.

3. The Clerk of Court shall send Petitioner a blank "motion for authorization to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b) by a prisoner in state custody" to be filed at the Tenth Circuit Court of Appeals.

4. A separate judgment shall be entered in this matter.

DATED THIS 3rd day of August, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT